IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUTOMATED CARD SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 14-929 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| IDENTIV, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant's Motion to Dismiss (Doc. 7) will be denied, without prejudice to Defendant's renewing its arguments on summary judgment.

As to Defendant's arguments regarding offer and acceptance, Plaintiff's allegations survive the relatively low threshold applied under Rule 12(b)(6). Plaintiff only is required to present plausible allegations regarding the existence of a contract. Among other things, Plaintiff alleges that Defendant offered to produce "proximity" cards at a specific price; that Plaintiff incorporated the pricing into its customer-quote; that the customer requested the production of 10 sample-cards; that Plaintiff communicated this request to Defendant; and that Defendant honored the request and provided 10 sample cards in furtherance of the endeavor. *See* Compl. (Doc. 1) at ¶¶ 8-12. At this early stage in the proceedings, Defendant's conduct plausibly may be viewed as manifesting an intent to be bound. *See* Shovel Transfer & Storage, Inc. v. Pa. Liquor Control Bd., 739 A.2d 133, 139 (Pa. 1999) ("parties with the capacity to contract clearly [may] manifest[] assent . . . through their conduct"); Great Northern Ins. Co. v. ADT Sec. Servs., Inc., 517 F. Supp.2d 723, 737, 740 (W.D. Pa. Sept. 17, 2007) ("Pennsylvania law follows the objective theory of contracts and[,] therefore, looks to the parties' outward

manifestations in determining whether" agreement was reached, including their "conduct . . . in light of the surrounding circumstances") (citations omitted).

As to Plaintiff's tortious interference claim, Defendant's attempted invocation of the "competitor privilege," the "truth defense" and all related arguments flow *not* from the allegations in the Complaint.  *See* Def.'s Br. (Doc. 8) at 6-11.  *Iqbal/Twombly* notwithstanding, the Court still views the pleadings in a light most favorable to Plaintiff, and Plaintiff survives Rule 12(b)(6) if, under any reasonable reading, its allegations may establish entitlement to relief. *See* Wiest v. Lynch, 710 F.3d 121, 135 n.5 (3d Cir. 2013) (citation to quoted source omitted). Defendant's arguments are inconsistent with the aforementioned standards, and they are better suited for resolution on summary judgment.

Finally, in connection with Plaintiff's commercial disparagement claim, Defendant's lack-of-specificity argument, if accepted, would demand too much of Plaintiff at this stage. Plaintiff has made sufficient allegations, on information and belief, regarding Defendant's alleged misconduct.  *See* Comp. at ¶¶ 17-19, 39-46.  It is difficult to imagine what more Plaintiff reasonably may be expected to know without the benefit of discovery.  In any event, Plaintiff's allegations satisfy the applicable standards, and Defendant's arguments will be reserved for summary judgment.

Consistent with the foregoing, Defendant's Motion to Dismiss (**Doc. 7**) is **DENIED**, without prejudice to renewal of Defendant's arguments on summary judgment.

IT IS SO ORDERED.

June 1, 2015                                                                s\Cathy Bissoon
                                                                Cathy Bissoon
                                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record